[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant City of Hartford, on the basis of governmental immunity, moves to strike the plaintiff's complaint, which alleges negligence against the defendant for failing to instruct, supervise, control and discipline Hartford police officers who allegedly beat up the plaintiff. The plaintiff opposes the motion on the grounds that: (1) the question of whether the alleged acts of the defendant were ministerial or discretionary is a question CT Page 5223 of fact; and (2) governmental immunity is not properly raised on a motion to strike.
A municipality's liability for tortious acts of its employees is limited by the principle of governmental immunity. See Heiglv. Board of Education, 218 Conn. 1, 4, (1991). In order to ascertain whether governmental immunity applies in a given case, it must be determined whether there exists a public or private duty alleged by the plaintiff and whether the alleged acts or omissions were either governmental or ministerial Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 166-70; (1988). Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature and generally impose no liability on a governmental body. In contrast, "[m]inisterial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Mulligan v. Rioux, 229 Conn. 716, 727 (1994). Generally, liability can attach for the misperformance of ministerial acts, but the performance of governmental acts is immune from liability, qualified by certain exceptions. Id., 727-28.
The acts or omissions alleged in the plaintiff's complaint — negligent failure to instruct, supervise, control and discipline Hartford police officers — appear to be discretionary or governmental acts as a matter of law. See Gordon v. BridgeportHousing Authority, supra, 208 Conn. 179-80 (noting that the operation of a police department, including discipline of officers, is a discretionary, governmental function); Stiebitz v.Mahoney, 144 Conn. 443, 446, 448, 134 A.2d 71 (1957) (determining that discharge of duties as chief of police, a public officer, in appointing individuals to police force and suspending or disciplining them "required the use of a sound discretion" which would not subject chief to liability as long as discretion was exercised in good faith, with honest judgment and not maliciously or wantonly); Hubbard v. City of New Britain, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469204 (January 30, 1996, Arena, J.) (Granting motion to strike complaint alleging negligent training of police officer regarding high speed chases because such action is clearly discretionary and, thus, protected by governmental immunity); Doev. Nunes. Superior Court, judicial district of Hartford New Britain at New Britain, Docket No. 463832 (April 15, 1995, Handy, J.) (granting motion to strike complaint alleging negligent hiring, supervising and firing of officer because such actions CT Page 5224 are discretionary duties protected by governmental immunity);Cook v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362482 (August 21, 1992, Aurigemma, J.) (7 C.S.C.R. 1096) ("The act of training and supervising police officers is clearly a discretionary governmental function. Consideration of who to hire, how to train such people, and how to supervise police officers on the job are decisions requiring the use of judgment and discretion. A municipality cannot employ a standard list of actions which must be taken in utilizing its police department.")
When it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense but may attack the legal sufficiency of the complaint through a motion to strike Brown v. Branford,12 Conn. App. 106, 111 n. 3, (1987); see Gordon v. Bridgeport HousingAuthority, supra, 208 Conn. 170.
The acts or omissions allegedly committed by the defendant were discretionary governmental acts. The plaintiff does not raise any exception to governmental immunity in his pleading and no exception appears to be applicable in the present case.
Defendant's motion to strike is granted.
Wagner, J. Trial Judge Referee